ON MOTION TO REVIEW ORDER DENYING BAIL ON APPEAL
ANSTEAD, Judge.
The appellant seeks reversal of a trial court order denying him bail pending appeal. The state contends that the issue of appellant’s entitlement to bail on appeal has been rendered moot because additional felony charges have now been filed against appellant and probable cause found that appellant committed those offenses. Under these circumstances, the state contends, Section 903.132, Florida Statutes (1981) and Florida Rule of Criminal Procedure 3.691(a) prohibit bail pending appeal. The appellant concedes that new felony charges have been filed but contends that Rule 3.691(a) and Section 903.132 apply only when new felony charges are filed and probable cause established before a motion for bail pending appeal is filed in the trial court.
Rule 3.691(a) and Section 903.132 provide that:
(1) No person may be admitted to bail upon appeal from a conviction of a felony unless the defendant establishes that the appeal is taken in good faith, on grounds fairly debatable, and not frivolous. However, in no case shall bail be granted if such person has previously been convicted of a felony, the commission of which occurred prior to the commission of the subsequent felony, and such person’s civil rights have not been restored or if other felony charges are pending against him and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
By these provisions, it is apparent that the legislature intended to deny bail pending appeal to persons who have either been convicted of another felony or charged with another felony for which probable cause has been established. Kelly v. State, 362 So.2d 945 (Fla.1978); Greene v. State, 238 So.2d 296 (Fla.1970). Hence, if a conviction takes place or probable cause is established for other felony charges before or during the time the appeal is pending the defendant forfeits any entitlement to bail. The words “at the time request for bail is made” merely indicate the usual time when the statute and rule would be invoked; that is, when a trial court is considering a pending request for bail. In our view such words were not intended to limit the operation of the statute to new charges filed before a motion for bail is made. Indeed such a construction would raise serious equal protection problems if bail should be granted in one instance and denied in another where the only material difference in the two cases was the timing of the motion for bail. We do not believe the legislature intended the entitlement to bail to rest on such fortuitous circumstances.
Here, although probable cause had not been established and the trial court did not rely on such in denying appellant’s application for bail, it is now undisputed that the new felony charges have been filed and probable cause established. Under these circumstances we agree with the state that appellant is no longer entitled to bail while his appeal is pending.
Accordingly, the appellant’s motion for review is denied.
DOWNEY and HURLEY, JJ., concur.